USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 8/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MELVIN ESPAILLAT-FERNANDEZ,

Defendant.

No. 23-CR-261-7 (NSR)
No. 26-CV-7195 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Defendant Melvin Espaillat-Fernandez ("Defendant") filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Motion") in connection with his February 6, 2026 sentencing. (7:23-cr-00261-NSR-7, ECF No. 289; 7:26-cv-7195-NSR, ECF No. 1.) Defendant argues that his retained counsel rendered ineffective assistance by failing to file a notice of appeal from his February 6, 2026 sentencing. (*Id.*) The Government opposes the Motion, arguing that Defendant's counsel timely filed a notice of appeal after his sentencing and before entry of judgment. (7:23-cr-00261-NSR-7, ECF No. 291.)

A claim of ineffective assistance of counsel is evaluated under the *Strickland v. Washington* framework. *See* 466 U.S. 668, 687–88 (1984). To prevail, the defendant must (1) show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms"; and (2) "affirmatively prove prejudice." *Id.*; *accord Chang v. United States*, 250 F.3d 79, 84 (2d Cir. 2001). Under the Federal Rules of Appellate Procedure, a notice of appeal must be filed within 14 days of the entry of judgment, and "[a] notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(b)(1)(A)(i) & (b)(2).

The Court agrees with the Government. Defendant's claim for ineffective assistance of counsel is unfounded because his counsel, in fact, filed a timely notice of appeal. Defendant was sentenced on February 6, 2026. (7:23-cr-00261-NSR-7, ECF No. 254.) Defendant's counsel filed a notice of appeal on February 25, 2026. (*Id.*, ECF No. 240.) The Court thereafter entered judgment against Defendant on March 20, 2026. (*Id.*, ECF No. 254.) Defendant's counsel filed the notice of appeal after sentencing but before entry of judgment. Under Federal Rule of Appellate Procedure 4(b)(2), the notice of appeal is treated as filed on the day judgment was entered and was thus timely.

The Court therefore DENIES the Motion. The Clerk of Court is respectfully directed to (1) terminate the action in 7:26-cv-7195-NSR; (2) terminate the motion in 7:23-cr-00261-NSR-7, ECF No. 289; and (3) mail a copy of this Opinion and Order to *pro se* Defendant at the address listed on ECF, and to note service on the docket.

SO ORDERED.

Dated: August 27, 2026
White Plains, NY

Nelson S. Román, U.S.D.J.